Andrew M. Steinheimer - 200524
Lindsey Heaton - 269688
ELLIS, LaVOIE, POIRIER,
 STEINHEIMER & McGEE LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
asteinheimer@ellislawgrp.com
lheaton@ellislawgrp.com

Attorneys for Defendant PROFESSIONAL CREDIT MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SUSAN BERTOLDI,<br><br>        Plaintiff,<br><br>v.<br><br>PROFESSIONAL CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No.:  2:10-cv-02449-GEB-GGH<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant PROFESSIONAL CREDIT MANAGEMENT, INC. ("Defendant") hereby responds to plaintiff SUSAN BERTOLDI's ("Plaintiff") Complaint.

1.    As to Paragraph 1 of the complaint, Defendant denies these allegations.

2.    As to Paragraph 2 of the complaint, Defendant does not contest this courts jurisdiction at this time.

3.    As to Paragraph 3 of the complaint, Defendant lacks information or belief necessary to admit or deny the allegations therein and therefore denies these allegations.

4.    As to Paragraph 4 of the complaint, admits these allegations.

5.    As to Paragraph 5 of the complaint, Defendant denies these allegations.

6.    As to Paragraph 6 of the complaint, Defendant denies that plaintiff's letter requested validation of the First Care debt.  Defendant admits it sent validation of the Kilgore debt.  Defendant

- 1 -

1 | denies all other allegations.

2 | 7.     As to Paragraph 7 of the complaint, Defendant denies these allegations.

3 | 8.     As to Paragraph 8 of the complaint, Defendant denies these allegations.

4 | 9.     As to Paragraph 9 of the complaint, Defendant repeats and incorporates by reference its

5 | responses to Paragraphs 1-8 above as through fully stated herein.

6 | 10.    As to Paragraph 10 of the complaint, Defendant repeats and incorporates by reference

7 | its responses to Paragraphs 1-9 above as through fully stated herein.

8 | 11.    As to Paragraph 11 of the complaint, Defendant denies.

9 | 12.    Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following

10 | matters constituting an avoidance or affirmative defense:

11 | **FIRST AFFIRMATIVE DEFENSE**

12 | 13.    Defendant alleges that the Complaint, and each cause of action contained therein, fails

13 | to state facts sufficient to constitute a cause of action.

14 | **SECOND AFFIRMATIVE DEFENSE**

15 | 14.    Defendant alleges that the Complaint, and each cause of action therein, is barred by the

16 | applicable statute of limitations including **15 U.S.C. § 1692k(d)**, and **Civil Code § 1788.30(f)**.

17 | **THIRD AFFIRMATIVE DEFENSE**

18 | 15.    Defendant alleges that Plaintiff herself was negligent, careless, and/or committed

19 | intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness

20 | and/or intentional acts caused and/or contributed to her injuries and/or damages.

21 | **FOURTH AFFIRMATIVE DEFENSE**

22 | 16.    Defendant alleges that other persons and parties were careless and/or negligent, and/or

23 | committed intentional acts, and that this carelessness, negligence, and/or these intentional acts

24 | proximately contributed to the happening of the incidents referred to in the Complaint, and to the

25 | extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or

26 | damages, then the damages alleged against this Defendant should be reduced or eliminated.

27 | **FIFTH AFFIRMATIVE DEFENSE**

28 | 17.    Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect

- 2 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

1 herself and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

2 **SIXTH AFFIRMATIVE DEFENSE**

3 18. Defendant alleges that all of its actions were taken in good faith and with a reasonable

4 belief that such actions were legal, appropriate and necessary.

5 **SEVENTH AFFIRMATIVE DEFENSE**

6 19. Defendant alleges that it has no civil liability under the **FDCPA, 15 U.S.C. § 1692**, *et*

7 *seq.*, or **Rosenthal FDCPA Cal. Civ. Code §1788** *et. seq.*, pursuant to **15 U.S.C. § 1692k(c)** and **Cal.**

8 **Civil Code § 1788.30(e)** as any violation was unintentional and resulted from the maintenance of

9 procedures reasonably adopted to avoid any such violation.

10 **EIGHTH AFFIRMATIVE DEFENSE**

11 20. Defendant alleges that Plaintiff's Complaint, and the causes of action alleged therein, is

12 barred because the amount Defendant sought to collect for the account involved in this lawsuit was

13 expressly authorized by the agreement creating the debt.

14 **NINTH AFFIRMATIVE DEFENSE**

15 21. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

16 is barred by the immunities embodied either in **California Civil Code § 47(c), (b),** or arising under

17 federal and state statutory or common law.

18 **TENTH AFFIRMATIVE DEFENSE**

19 22. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is

20 barred because Defendant's actions were taken in reasonable reliance upon information provided by its

21 client pursuant to ***Ducrest v. Alco Collections, Inc.*** (M.D. La. 1999) 931 F.Supp. 459, 462, and ***Hulse***

22 ***v. Ocwin*** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

23 **ELEVENTH AFFIRMATIVE DEFENSE**

24 23. Defendant alleges that its practices, particularly those pertinent to the allegations in

25 Plaintiff's Complaint, are or were lawful in that this answering Defendant has complied with any and

26 all applicable statutes, regulations and common law requirements.

27 **TWELFTH AFFIRMATIVE DEFENSE**

28 24. Defendant alleges that any acts attributed to this Defendant were performed in good

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

1  faith in conformity with advisory opinions of the Federal Trade Commission pursuant to **15 U.S.C. §**

2  **1692k(e).**

3                    <u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

4       25.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

5  is barred by the doctrine of unclean hands.

6                    <u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

7       26.    Defendant alleges that the representations or statements made by Defendant were true,

8  accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to

9  their truth, validity and accuracy.

10                    <u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>

11      27.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

12  is barred by the doctrine of estoppel and/or waiver.

13                    <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

14      28.    Defendant hereby alleges the following affirmative defenses, including, but not limited

15  to, those set forth in **Federal Rule of Civil Procedure 8(c),** so as not to waive them at this time:

16  assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license,

17  failure to join an indispensable party, laches, offset, and abatement.

18                    <u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

19      29.    Defendant presently has insufficient knowledge or information on which to form a

20  belief as to whether Defendants may have additional, as yet unstated, defenses available.  Defendant

21  reserves herein the right to assert additional defenses in the event discovery indicates that they would

22  be appropriate.

23      **WHEREFORE**, Defendants pray for:

24      1.    That Plaintiff takes nothing from this answering Defendant by this Complaint;

25      2.    That Defendant be awarded judgment in this action;

26      3.    For attorneys' fees incurred herein, pursuant to statute;

27      4.    For costs of suit incurred herein; and

28  / / / /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

5.     For such other and further relief as the Court deems proper.

Dated: November 10, 2010

ELLIS, LAVOIE, POIRIER, STEINHEIMER
& MCGEE LLP


By  /s/  Andrew M. Steinheimer
    Andrew M. Steinheimer
    Attorney for Defendant
    PROFESSIONAL CREDIT MANAGEMENT, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

**REQUEST FOR JURY TRIAL**

Defendant PROFESSIONAL CREDIT MANAGEMENT, INC.S hereby demands a jury trial in this matter.

Dated: November 10, 2010

ELLIS, LAVOIE, POIRIER, STEINHEIMER
& MCGEE LLP


By /s/ Andrew M. Steinheimer
    Andrew M. Steinheimer
    Attorney for Defendant
    PROFESSIONAL CREDIT MANAGEMENT, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

## CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On November 10, 2010, I served the following document(s) on the parties in the within action:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Todd Friedman<br>Law Offices of Todd Friedman<br>369 S. Doheny Drive<br>Suite 415<br>Beverly Hills, CA 90211 | Attorneys for Plaintiff<br>SUSAN BERTOLDI |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 10, 2010.

By _____
Jennifer E. Mueller

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL